MEMORANDUM *
David Israel Chavez appeals the district court’s denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his three state court convictions for aiding and abetting first degree *343 murder. Chavez argues that the state court (1) applied Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in an objectively unreasonable manner in concluding that sufficient evidence supported his convictions; and (2) violated his constitutional due process rights by denying his motion for a new trial premised on “newly discovered evidence” in the form of Jesus Cantu’s testimony in another trial. Reviewing his petition de novo, but subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, we affirm.[1]
The California Court of Appeal’s application of Jackson was not objectively unreasonable. See 28 U.S.C. § 2254(d). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Chavez aided and abetted Cantu in the murders of Connie Estala, Gilberto Soto, and Gerald MeCullen. See Jackson, 443 U.S. at 319, 99 S.Ct. 2781. As to the prosecution’s theory that Chavez directly aided and abetted Cantu in the murders, the Court of Appeal drew logical inferences in determining that a jury could conclude that Chavez ascertained Cantu’s criminal purpose — to eliminate all the witnesses— once Chavez entered the office and saw Estala on her knees being beaten while Cantu stood over her with a gun; and that Chavez intended to, and did, aid, promote, encourage, or instigate the murders of all three victims by pushing or directing Soto into the room with Cantu. See People v. Prettyman, 14 Cal.4th 248, 58 Cal.Rptr.2d 827, 926 P.2d 1013, 1018-19 (1996). Because we conclude that Chavez’s convictions may be upheld on a direct theory of aiding and abetting, we do not reach the Court of Appeal’s alternative holding that a rational jury could have concluded beyond a reasonable doubt that Chavez aided and abetted murder under a “natural and probable consequences” theory.
Chavez does not argue that the denial of his new trial motion gives rise by itself to a federal habeas claim, but states a “freestanding actual innocence” claim based on the newly discovered evidence. We reject the claim. Although it is unsettled whether a freestanding actual innocence claim is cognizable under federal law, House v. Bell, 547 U.S. 518, 554-55, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), we have assumed as much without deciding the question and have held that “a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.” Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir.1997) (en banc). Cantu’s testimony that he had a different initial motive for carrying a gun to the house, that Chavez was not in the office during the executions, and that the number or sequence of gunshots fired differed from the account presented at Chavez’s trial does not affirmatively suggest Chavez’s probable innocence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.